KARCH & QUASSER v. KATHRYN BACCIOCCO.

1. JUDGMENT OF JUSTICE IN ATTACHMENT MAY BE REVIEWED ON WEIGHT OF EVIDENCE.

The judgment of a justice of the peace in an attachment suit may be reviewed on the weight of the evidence under favor of the provisions of Rev. Stat. 6524 (Lan. 10101).

2. SERVICES OF ATTORNEY AS TO CLAIM OF WIFE AGAINST DIVORCED HUSBAND NOT CHARGEABLE AGAINST HIM.

Services rendered by an attorney at law in prosecuting a claim of a divorced wife against her former husband for the support and education of their minor children are not necessaries within the meaning of the statute, and such a claim, therefore, must be collected like any ordinary debt from the creditor, and cannot be recovered from such divorced husband.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

L. H. Pummill, for plaintiff in error.

C. W. Baker, for defendant in error.

GIFFEN, J.

Plaintiffs in error commenced an action before a justice of the peace to recover from the defendant in error for services rendered as attorneys at law in consultation concerning a claim that defendant in error had against her divorced husband for support and education furnished their minor children. An attachment was issued upon the ground that such services were necessaries. The case was heard upon evidence before the justice, a bill of exceptions taken embodying all of the evidence and upon error, in the court of common pleas, the attachment was dissolved.

It is claimed, first, that the services rendered were necessaries and therefore not exempt from attachment; second, that the court had no power to review the question upon the weight of the evidence.

It will not be claimed that attorney fees, although indispensable to the successful prosecution of most law suits, are necessaries within the meaning of the attachment statute, but it is claimed that inasmuch as the liability of the husband was for necessaries furnished by the wife for the minor children, that the attorney's services with reference to that claim are of the same nature. It does not follow, however, that because the claim sought to be collected is for necessaries the means employed for its collection are of the same character. The husband, although primarily liable for necessaries furnished to the minor, might have a variety of valid defenses to the claim, in which event the wife would in no sense be justified in employing counsel or taking other action for the collection of the same.

We are of opinion that such claim is like any ordinary debt, the collection of which must be borne by the creditor, and it has always been the policy in this state to disallow attorney fees to the plaintiff except where specially provided by law. In the case of *Dorsey* v. *Goodenow*, Wright 120, the first proposition of the syllabus is as follows:

"When a wife retains a lawyer to prosecute a divorce against the husband, the law will not imply an undertaking by the husband to pay for such services."

And in the case of *Leavans* v. *Bank*, 50 Ohio St. 591 [34 N. E. Rep. 1089], the court say, page 592.

"A stipulation in a mortgage to the effect that, in case an action should be brought to foreclose it, a reasonable attorney fee, to be fixed by the court, for the services of the plaintiff's attorney in the foreclosure action, should be included in the decree and paid out of the

Karch v. Bacciocco.

proceeds arising from the sale of mortgaged property, is against public policy and void.''

In the first case, the decision is based upon the ground that there is no implied agreement on the part of the husband to pay for such services, and in the second case that it is against public policy.

It does not appear from the tesimony that the services performed were necessary for the sustenance or protection of the wife or of the minor child. The necessaries to which the claim related and the consultation was had, were already furnished and constituted a debt arising from an implied contract, and there was no implied agreement to pay the expenses incurred in attempting to collect the same. If they were not necessaries for which the husband was liable because of his relation to the minor child, neither are they necessaries as against the wife within the meaning of the attachment law.

The other proposition advanced by counsel for plaintiff in error is answered by the case of *Seville* v. *Wagner*, 46 Ohio St. 52 [18 N. E. Rep. 430], the first proposition of the syllabus being:

''An order of a justice of the peace discharging or refusing to discharge an attachment, may be reviewed by petition in error in the court of common pleas, and for that purpose a bill of exceptions may be taken, embodying all the evidence upon the hearing of the motion to discharge, together with the ruling of the justice, and the exceptions thereto.''

While it is true under this decision that the Supreme Court will not review such question upon the weight of the evidence, it is said at page 55, that Rev. Stat. 6524 (Lan. 10101) contains no such limit as that contended for, but is broad enough to allow any question to be raised by bills of exceptions taken under its provisions that may properly be presented by a bill of exceptions.

Our conclusion therefore is that the judgment should be affirmed.

**Jelke** and **Swing, JJ.**, concur.